W. H. Nicholson, Jr., Appellant, *v.* W. C. Kennedy, impleaded with J. A. Twitchell, H. M. Ernst and S. H. Bradley.

*Contract—Appeal—Evidence—Joint liability.*

An action of assumpsit was brought against four defendants, only one of whom was served, to recover the one fourth of the cost of drilling an oil well, which should have been paid by one of the defendants not served. The original statement averred a written agreement executed by all the defendants, but it appearing at the trial that this agreement had been signed by one of the parties without authority from the others, plaintiff amended his statement so as to aver a verbal agreement, and subsequently further amended it so as to aver that the verbal agreement had been reduced to writing; and signed by one of the parties without authority from the others, and that the defendant served had ratified it after the work was done. The evidence tended to show that each defendant had assumed a liability for one fourth, and that each one had paid his share except the one who had executed the contract. *Held*, that as there was no sufficient evidence of joint liability under either the verbal or written contract it was not error for the court to give binding instructions in favor of the defendant.

Argued May 4, 1898. Appeal, No. 104, Jan. T., 1898, by plaintiff, from judgment of C. P. McKean Co., Oct. T., 1895, No. 77, on verdict for defendants. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Assumpsit on a contract. Before MORRISON, J.

The substance of the pleadings appears by the opinion of the Supreme Court.

At the trial, the defendant, W. C. Kennedy, recalled for further cross-examination, testified as follows:

Contract dated November 20, 1894, shown to the witness.

" Q. State whether or not you signed your name to that contract. A. No, sir. Q. Did you authorize any one to sign it? A. No, sir. Q. When did you first know that a contract of this kind was made? A. After the well was finished. Q. At the time you met with the plaintiff in this case and Mr. Bradley, and I think you said his father, did you go on the ground where this well was drilled and locate a well? A. I never met the plaintiff in this case, as you state. Q. Did he and you go on the ground where this well was drilled? A. No, sir. Q. Who did you go with to locate the well? A. S. H. Bradley."

Plaintiff offered the contract dated November 20, 1894, in evidence.

Defendant objected to it as inadmissible, for the reason that the execution so far as H. M. Ernst, H. M. Twitchell and W. C. Kennedy are concerned has not been proved; and it being a joint contract, it cannot go in evidence until the execution is properly proved.

The Court: I think plaintiff must show that they executed it, or authorized it to be executed, or ratified it. Now the suit being against the defendants jointly, and one of them only being here defending, if you recover against him, is it not a conclusive judgment against all of them, so far as contribution is concerned? Cannot Mr. Kennedy turn around and compel these joint defendants to contribute their share? If I am right in that it is necessary to show that they executed this contract or authorized some one to execute it for them.

Mr. Mullin: Should not Kennedy have denied these other signatures if he wanted to take advantage of that? He only denies one signature. Now as between these parties, is not this contract admissible?

The Court: I feel compelled to hold that before this can go in evidence you must prove the execution of it by all the joint defendants, or the ratification.

The Court: It seems to me that on the question of the admission of this contract it stands as though these defendants were here and had denied its execution, and if you offer it in evidence you must prove that they all signed or ratified it. Bill sealed for plaintiff. [2]

Plaintiff offered to show by his own testimony conversations between himself and Kennedy and Bradley to prove the verbal contract; this to be followed by evidence that William C. Kennedy made payments on the drilling of this well, and ratified the agreement made between Kennedy and the witness and Bradley.

Defendant objected, because if Kennedy ratified any contract he ratified the written contract.

The Court: I do not see that there is any use of taking more time with this unless you get that contract in evidence. Bill sealed for the plaintiff. [3]

S. H. Bradley, being called by plaintiff for cross-examination under the act of assembly, testified:

The Court: "Q. Do you say that your arrangement with Kennedy and the others was that you were to get the well drilled? A. The arrangement was I would go and drill the well, and that they would pay their quarter for it. Q. You didn't expect to drill it yourself, but to let the contract? A. Yes, sir."

Plaintiff offered in evidence—renewed the offer—of the contract dated November 20, 1894, and signed by S. H. Bradley for W. C. Kennedy, J. A. Twitchell, H. M. Ernst and S. H. Bradley; W. H. Nicholson for W. H. Nicholson, Jr.

Defendants objected that the execution of the contract not having yet been proved, nor the ratification by all the parties to it, and it appearing to be a joint contract, it is not competent to be received in evidence.

The Court: There is a close question here, as to whether there is enough evidence of ratification as to all of them. There is no evidence of authority in Bradley to make this contract and sign the names of all the defendants to it, and we do not think there can be a recovery in this case against Kennedy without showing a joint liability of all the defendants sued. And we do not think there is sufficient evidence to show ratification of this contract on the part of all of the defendants, and if there is a failure as to one of them it prevents it going in evidence. Therefore we sustain the objection and exclude the contract.

Exception sealed for the plaintiff. [6]

Plaintiff offered to prove by himself that he made a verbal contract with Mr. Bradley to drill a well upon the Strickland farm in Doddridge county, W. Va., about November 12, 1894, . . . . by which it was agreed with Bradley that he was to have $3,400 for drilling the well if it was dry; that he went on and drilled the well and it was dry, and that payments have been made to him by each of the defendants in this case, except Bradley, to the aggregate amount of $2,550, and that the balance remains due and unpaid. This evidence was offered in connection with the evidence already in, for the purpose of showing the liability of the defendant in this case for the balance that is due.

Defendants objected for the reason that it appears from the evidence of the witness that this contract or agreement was

afterwards reduced to writing, that it was executed by himself or his agent, and at least one of the defendants, and whatever work he did was done under the written agreement; also that it is incompetent under the pleadings in this case, as they stand, the plaintiff declaring upon a written contract.

The Court: We think it is incompetent under the pleadings, as a basis to show a recovery, and we do not think that the fact that each of these three defendants paid one fourth, under the circumstances detailed, shows or tends to show that they each undertook to be liable for the whole contract price; therefore we exclude the offer.

Exception sealed for the plaintiff. [7]

The court gave binding instructions for defendants. [8]

Verdict and judgments for defendants.    Plaintiff appealed.

*Errors assigned* amongst others were (2, 3, 6, 7) rulings on evidence, quoting the bill of exceptions; (8) above instructions.

*Eugene Mullin*, of *Mullin & Mullin*, for appellants, cited Malone & Son v. P. & R. R. R., 157 Pa. 430 ; Home B. & L. Assn. v. Kilpatrick, 140 Pa. 405 ; Sidwell v. Evans, 1 P. & W. 383.

*H. King*, with him *J. W. Bonton*, for appellee.—In a joint action against two, there cannot be a recovery against one : Coughenour v. Suhre, 71 Pa. 462; Corbet v. Evans, 25 Pa. 310.

In a joint action, though only one be served with process, there can be no recovery unless a joint liability be shown: Schoneman v. Fegley, 7 Pa. 433.

OPINION BY MR. JUSTICE FELL, October 17, 1898 :

When the assignments of error which relate to the exclusion of testimony are considered in connection with the state of the pleadings when the offers were made no error is disclosed. The plaintiff sued four defendants to recover a balance claimed to be due for drilling an oil well.  One of the defendants, Bradley, was the owner of an oil lease, and he induced the other three defendants to join with him in drilling a well.  No oil was found, and each of the others paid one fourth of the cost.  This action was to recover the fourth which should have

been paid by Bradley, and the real question was whether the defendants were jointly liable. The original statement of the cause of action was on a written contract, by the terms of which a joint liability was imposed, but it appeared at the first trial that this contract had been signed by Bradley only, and that without authority he had signed the names of the other defendants to it. The plaintiff then procured a continuance, and before the second trial filed an amended statement alleging that the work had been done under a verbal contract, but the proofs failed to support this averment and showed that the only contract he had was the written one, and that the work had been done under it. Upon objection being made to the admission of evidence to establish a verbal contract, after the plaintiff had testified that the contract under which the work had been done was in writing, he again amended his statement and set out that the verbal contract had been reduced to writing and signed by Bradley for himself and by him without authority for the other defendants, and that without knowledge of Bradley's want of authority he had done the work under the written and verbal contracts, and that subsequently Kennedy the only defendant served, had ratified the verbal contract. There was a further vague statement that the defendants had ratified the contract, without specifying which contract. With the pleadings in this condition the case went on, and every offer of testimony which tended to show either prior authorization or subsequent ratification of either contract was admitted. The plaintiff succeeded in showing that each defendant had assumed a liability for one fourth of the cost, but failed to show a joint liability.

The judgment is affirmed.